UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM ANTHONY HOWE, )<br>)<br>          Plaintiff, )<br>   vs. )<br>)<br>INDIANA DEPARTMENT OF CORRECTION, )<br>et al., )<br>)<br>          Defendants. ) | Case No.1:15-cv-00771-WTL-DKL |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.  Screening**

The plaintiff, Adam Howe, has paid the filing fee. His motion for screening and a hearing [dkt. 5] is **granted** to the extent that the Court will now screen the complaint pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Mr. Howe is currently incarcerated at the Westville Correctional Facility ("Westville"). He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he has not been receiving proper medical care, which falls within the scope of the Eighth Amendment. When Mr. Howe was confined at the Pendleton Correctional Facility in August of 2014, he fractured his wrist playing handball. He was taken to a nearby hospital, where his wrist was x-rayed and put in a soft cast. He alleges that the prison physician, Dr. Person, told him that he would need to see a specialist to have pins put in the fractures. He submitted health care requests and Nurse Hoover told him that

his paperwork to see the specialist had been lost. He filed a grievance and on September 31, 2014, he was taken to see an outside specialist. His wrist was then put in a cast. He was supposed to have the cast for five weeks, so when that time passed, he spoke with the grievance officer Jessica Hammack-Matthews. She told him to file another grievance to have the cast removed, which he did. The cast was removed on December 10, 2014, five weeks late. He then requested to see a physical therapist, and he was seen once.

Mr. Howe was transferred to Westville on January 21, 2015. He requested physical therapy at Westville and was told he would be seen the week of March 16, 2015, but that did not happen. He was told that the physical therapist had resigned and they did not have a replacement yet. He saw a doctor on April 24, 2015, and was told he would be seeing a physical therapist outside the prison. He was given Ibuprofen 600 mg for pain. He has a bone that "sticks out on the outside of [his] wrist," which the doctor told him was calcium build up. As of May 3, 2015, he had not been seen again by a physical therapist. He requests that the Court set the matter for a hearing for resolution.

Mr. Howe has named the following defendants: 1) the Indiana Department of Correction (IDOC"); 2) Governor Mike Pence; 3) Commissioner Bruce Lemmon; 4) Corizon Medical Department for I.D.O.C.; and 5) Pendleton Superintendent Zantacky. Mr. Howe does not state what relief he seeks, other than a hearing for resolution.

Any claims against the IDOC, Governor Pence, Commissioner Lemmon, and Superintendent Zantacky in their official capacities are **dismissed** for failure to state a claim upon which relief can be granted because official capacity claims are, in essence, against the State, and the State (or a state agency) cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d

668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

Any claims against Governor Pence, Commissioner Lemmon, and Superintendent Zantacky in their individual capacities are also **dismissed** for failure to state a claim upon which relief can be granted because none of these defendants participated in any wrongdoing or denied necessary medical care at either of the two prisons. State officials, including prison officials, are not liable for alleged constitutional wrongdoing on the part of their subordinates. In a section 1983 claim, "individual-capacity claims cannot rest on a *respondeat superior* theory." *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015); *Vinson v. Vermillion County, Illinois,* 776 F.3d 924, 928 (7th Cir. 2015) ("there is no *respondeat superior* liability for section 1983 claims").

Any claim against "Corizon Medical Dept." is **dismissed** for failure to state a claim upon which relief can be granted because Mr. Howe does not allege that his lack of treatment was the result of an affirmative policy or practice of Corizon. Corizon is a corporate entity that is not vicariously liable for misdeeds of its employees, and can only be liable "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917, 927 (7th Cir. 2004)(internal quotation omitted); *see also Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008).

In sum, Mr. Howe has not stated a viable claim against any named defendant. In addition, to the extent he intends to assert a claim against specific medical providers at one of the prisons, in order to state a claim under the Eighth Amendment he would have to allege deliberate indifference to a serious medical condition. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). At most, he has alleged negligence, *i.e.,* lost paperwork, or other circumstances such as the physical

therapist resigned, which are not sufficient to state a claim under section 1983. *See Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (negligence or even gross negligence is not enough to state a claim under § 1983).[1]

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

## II.  Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. The plaintiff shall have **through July 13, 2015,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Howe fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  6/10/15

Distribution:

Adam Anthony Howe, #862718, Westville Correctional Facility, Inmate Mail/Parcels,

5501 South 1100 West, Westville, IN 46391-0473

---

[1] In addition, Westville is in the Northern District of Indiana, and claims against defendants in that district should be brought there.