UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM ANTHONY HOWE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.1:15-cv-00771-WTL-DKL |
| ) | |
| DUSHAN ZATECKY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Amended Complaint and Directing Further Proceedings**

**I.  Screening**

The plaintiff, Adam Howe, has filed an amended complaint, which is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Mr. Howe is currently incarcerated at the Westville Correctional Facility ("Westville"). He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that some defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and some violated his due process and equal protection rights in violation of the Fourteenth Amendment. He names the following defendants: 1) Dr. Michael Mitcheff, Regional Medical Director for Corizon Medical Services ("CMS"); 2) Dr. Person, of CMS; 3) Jessica Matthews-Hammack, Grievance Coordinator of Pendleton Correctional Facility ("Pendleton"); and 4) Dushan Zatecky, Superintendent of Pendleton. He seeks a declaratory judgment, costs, and all other just and proper relief.

Mr. Howe alleges in his amended complaint that when he was confined at Pendleton on August 30, 2014, he injured his left wrist playing handball outdoors. He was taken to a nearby hospital, where his wrist was x-rayed. The x-rays showed multiple fractures. His left wrist was placed in a soft cast (ace bandages). He was sent back to Pendleton.

He was seen by Dr. Person at Pendleton, who told him on September 2, 2014, that he would need to see an orthopedic specialist to have pins put in the fractures. The plaintiff submitted several health care requests complaining about the pain and needing a hard or plaster cast. He was seen each time in the infirmary in response to his requests, but Nurse Stacia Hoover told him each time that his paperwork had been lost. He filed grievances and on September 30, 2014, he was taken to Orthoindy to see a specialist. His wrist was then put in a cast. He was told to wear the cast for five weeks and then come back to have it removed.

When the five weeks passed, the plaintiff spoke with the grievance officer Jessica Hammack-Matthews. She told him to file another grievance to have the cast removed, which he did. The cast was removed on December 10, 2014, ten weeks after it had been placed on his wrist. Because his wrist had been in a cast for so long, he then requested to see a physical therapist. He was seen by a physical therapist before he was transferred to Westville on January 21, 2015.

There are no factual allegations of wrongdoing asserted against Dr. Mitcheff or Superintendent Zatecky. The claims against these defendants, in their individual capacities, are **dismissed** for failure to state a claim upon which relief can be granted because prison officials are not liable for alleged constitutional wrongdoing on the part of their subordinates. Without personal participation, there can be no recovery under 42 U.S.C. § 1983. In a section 1983 claim, "individual-capacity claims cannot rest on a *respondeat superior* theory." *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015); *Vinson v. Vermillion County, Illinois,* 776 F.3d 924, 928 (7th

Cir. 2015) ("there is no *respondeat superior* liability for section 1983 claims").

The allegations against Dr. Person are that he saw the plaintiff and recommended that he see an outside specialist. There are no facts that would support a claim of deliberate indifference to a serious medical need on the part of Dr. Person. The claim against Dr. Person is **dismissed** for failure to state a claim upon which relief can be granted.

With respect to his medical care, the gist of the plaintiff's amended complaint is that due to negligence in the form of lost or mishandled paperwork, he experienced lengthy delays in obtaining proper medical care from an orthopedic specialist. Negligence is not sufficient to state a claim of deliberate indifference. *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (negligence or even gross negligence is not enough to state a claim under § 1983).

Part of the plaintiff's claim against Jessica Hammack-Matthews is that she "assisted in the violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment." The Court has determined that there was no deliberate indifference under the circumstances alleged, and therefore, any "assistance" on the part of Ms. Hammack-Matthews did not rise to the level of a constitutional violation.

The plaintiff also alleges that Ms. Hammack-Matthews violated his right to due process and equal protection under the Fourteenth Amendment and various provisions of the Indiana Constitution. None of the allegations in the complaint support a due process claim under the Fourteenth Amendment and therefore must be **dismissed** for failure to state a claim upon which relief can be granted. A prison's "grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008) (internal quotation omitted).

The plaintiff's equal protection claim must be **dismissed** for failure to state a claim upon

which relief can be granted because he does not allege any discrimination on the part of any defendant and a "person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted).

Any claims based on the asserted violation of Article 1, sections 12, 13, 19, and 23 of the Indiana Constitution are **dismissed** because there is no private cause of action for damages under the Indiana Constitution under the circumstances alleged by the plaintiff. *See Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *City of Indianapolis v. Cox,* 20 N.E.3d 201, 212 (Ind. Ct. App. 2014) (rejecting claim under Article 1, section 23 equal privileges and immunities provision because "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution.") (internal quotation omitted).

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the amended complaint must be **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A.

## II. Further Proceedings

For the reasons discussed above, the complaint is **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A. The plaintiff shall have **through October 30, 2015,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant

any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend again, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 10/1/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Adam Anthony Howe
#862718
Westville Correctional Facility
Electronic Service Participant – Court Only